IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REDBOW NLN and PAMELA BOUTWELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Case No. 1:16-cv-241-MHT-WC ) |
| CIRCUIT JUDGE JEFFERY KELLY, | ) ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 6, 2016, Plaintiffs filed this suit purporting to allege: (1) "[v]iolations of certain protections guaranteed . . . by the I, VII, and XIV Amendments of the Constitutuion of the United States" pursuant to 42 U.S.C. § 1983; (2) "violations of federal constitutional rights guaranteed in the Seventh, and Fourteenth amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)"; (3) "[v]iolations of Protections guaranteed by the Americans with Disabilities Act Title II of 1990, of Discrimination, and Denial of right to Council [sic] as an accommodation to the courts and justice system, under equal justice, due process, protection of the laws, and fair treatment"; and (4) "[d]iscrimination under [the] Alabama Constitution, by the Deprivation of[:] Right to Trial by Jury, Due Process, Protection of the Law, and Protection of Rights Granted to a disabled person(s) under the State of Alabama Constitution . . . and The Constitution of Coffee County . . . ." Doc. 1 at 1-2. On April 7, 2016, the United States District Judge entered an Order (Doc. 4) referring the case to the undersigned

Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." Plaintiffs requested leave to proceed *in forma pauperis*, *see* (Docs. 2, 10, 11, and 12), and were granted such leave (Doc. 13). The complaint is now before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned concludes that the court does not have jurisdiction to hear Plaintiffs' claims because the *Rooker-Feldman* doctrine applies. In the alternative, the undersigned concludes that Plaintiffs have failed to state any claim upon which relief could be granted. Consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiffs' complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he

2

pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible."  *Id*. (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiffs' complaint,

even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).  As set out below, the undersigned concludes that Plaintiffs' complaint fails to withstand such scrutiny.

In view of these general principles, the undersigned turns to the instant complaint. Plaintiffs' complaint concerns a state-court case in which Defendant was the presiding judge.  Compl. (Doc. 1) at 2 ("Defendant Judge Jeffery Kelly, in his official roll [sic], and capacity as Coffee County Circuit Court Judge, under the color of Law, Did violate Plaintiffs rights to a fair, and unbiased jury trial in civil case # cv-2014-11.").  Although the complaint is not a model of clarity, Plaintiffs complain, amongst other things, that Defendant refused to recuse himself from the state court proceeding, *see* Doc. 1 at 3; that Defendant should have granted Plaintiffs a default judgment in the state-court proceeding, *see* Doc. 1 at 4; that Defendant engaged in "thief by deception" and fraud upon the court when Defendant allowed the state-court opposing party to file a motion without paying the $52.00 fee, *see* Doc. 1 at 4; that Defendant gave state-court opposing counsel favorable treatment, *see* Doc. 1 at 6; that Defendant failed to appoint Plaintiffs counsel in their civil case, *see* Doc. 1 at 7; that Defendant erred by "Dismissing Plaintiffs Generalized Challenge to the Pro Se Policy," *see* Doc. 1 at 8; that Defendant denied Plaintiffs a trial by jury, see Doc. 1 at 10; and that Defendant "has engaged in treason to the Constitution," Doc. 1 at 17.  Throughout the complaint, Plaintiffs repeatedly assert that the state court "Lost **Subject Matter Jurisdiction**" because of the above-asserted violations.  *See* Doc. 1, *passim*.  Plaintiffs ask this court to issue relief "in the form of a []declaratory Judgment to set aside, vacate the Summary Judgment by the inferior court, and return this case back to

the Circuit Court of Coffee County, Alabama." Doc. 1 at 18. Plaintiffs also request "Injunctive Relief with remand to the Circuit Court for Reconsideration, with for reconsideration, and to rule the Summary Judgment as 'MOOT.'" Doc. 1 at 18.

Upon review of Plaintiffs' complaint, the undersigned finds that, because this court lacks subject matter jurisdiction over Plaintiffs' "claims," Plaintiffs' complaint is due to be dismissed. Plaintiffs—in asking this court to issue a declaratory judgment to set aside and vacate a state court's decision—are plainly state-court losers seeking federal district court review of a final state-court decision. This court is without subject matter jurisdiction to preside over such a case.

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280*,* 284 (2005). Indeed, *Rooker-Feldman* denies federal courts jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Further, Rooker-Feldman's reach extends to federal

claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment. *Springer v. Perryman*, 401 F. App's 457, 458 (11th Cir. 2010) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The Eleventh Circuit has "advanced two scenarios where a federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Id*.

Here, Plaintiffs seek to overturn a state-court summary judgment that was not in their favor based upon certain allegations of misconduct by Defendant. Clearly, Plaintiffs are state-court losers seeking to have this court vacate the state-court's summary judgment ruling, and that is exactly what the *Rooker-Feldman* doctrine prohibits. Plaintiffs' federal remedy for any perceived unconstitutional injury flowing from the state-court judgment against them was an appeal of that judgment to a higher state court, and eventually to the United States Supreme Court, if those state-court appeals had been exhausted. The remedy was not the filing of a complaint seeking to overturn the state-court judgment in a United States District Court. Therefore, because the *Rooker-Feldman* doctrine applies, the court does not have jurisdiction to hear Plaintiffs' claims. To the extent that Plaintiffs assert independent constitutional claims against Defendant, those claims continue to be inextricably intertwined with the state-court's granting of summary judgment against Plaintiffs. Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

Even if the court were able to exercise jurisdiction in this matter, Plaintiffs have nevertheless failed to state a claim upon which relief could be granted.

First, to the extent that Plaintiffs are bringing a § 1983 action against Defendant in his "official roll [sic]" for constitutional violations, § 1983 provides no relief.  *See* Doc. 1 at 2.  Officials acting in their official capacities are not "persons" under § 1983 and cannot be sued under the statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  "As such, it is no different from a suit against the state itself." *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).).  Clearly, Plaintiffs' complaints against Defendant regarding actions he did or did not take during Plaintiffs' state-court proceeding fall within Defendant's official capacity as a judicial officer of the court.  Therefore, § 1983 cannot provide relief for Plaintiffs' claims.

Second, to the extent that Plaintiffs are bringing a claim "redressable pursuant to Bivens v. Six Unknown Narcotics Agents," relief is not available.  Plaintiffs have sued a state official, not a federal official.  A *Bivens* action is a judicially implied cause of action for money damages against *federal officials* who have violated a plaintiff's constitutional rights.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  As such, Plaintiffs cannot state a *Bivens* claim against Defendant, who is not a federal official.

Third, to the extent Plaintiffs are alleging violations under the Americans with Disabilities Act ("ADA"), Plaintiffs fail to state a claim upon which relief may be granted.  The ADA prohibits a public entity from discriminating against a qualified individual with a disability, or excluding such an individual from participation in, or denying the individual

7

the benefits of, any of the entity's services, programs, or activities. 42 U.S.C. § 12132. To prove a violation of Title II of the Americans with Disabilities Act (ADA), a party must establish: (1) that he is a qualified individual with a disability,[1] (2) that he was excluded from participation in a public entity's services, programs or activities, or was otherwise discriminated against by a public entity, and (3) that such exclusion or discrimination was due to his disability. Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132; *Smith v. Henderson*, 944 F. Supp. 2d 89, 104 (D.D.C. 2013). Plaintiffs allege that Defendant violated the ADA because Defendant did not appoint Plaintiffs counsel upon Plaintiff Redbow's request. Doc. 1 at 7. Specifically, Plaintiffs allege that it was the responsibility of Defendant "to ask questions of the Plaintiff as to; what would, or would not?, qualify for appointment of council [sic] under the ADA Title 11 [sic] 1990," and that "the State cannot refuse counsel as a reasonable accommodation without first, engaging in an individualized inquiry." Doc. 1 at 7, 8. Further, Plaintiffs allege that the "state court's pro se policy of denying appointment of counsel" adversely affects individuals who are impoverished and cognitively impaired. Doc. 1 at 8. Under these facts, Plaintiffs cannot satisfy the second requirement for a violation of Title II of the ADA. To the extent Plaintiffs are alleging that Defendant violated their constitutional rights and/or the ADA by not appointing them counsel in their civil case, Plaintiffs' argument fails. Indeed, a

---

[1] Although Plaintiff Redbow does not specifically allege a disability, or what that disability is, Plaintiffs' complaint suggests that Plaintiff Redbow may have cognitive disabilities. *See* Doc. 1 at 8 ("Redbow alleges that the state court's pro se policy of denying appointment of counsel makes it physically impossible for indigent plaintiffs with cognitive disabilities to meaningfully participate in, and/or have equal and meaningful access to and the benefits of the services of the court system and due process in violation of Title II of the ADA 1990." It does not appear from the complaint that Plaintiff Boutwell is alleging any disability.

8

plaintiff in a civil case does not have a constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Additionally, Plaintiffs have not pointed to a service, program or activity provided by the state court to which they were denied inclusion, and the undersigned cannot conceive of a scenario under the Plaintiffs' facts that would satisfy that requirement. As such, Plaintiffs fail to state a claim under the ADA for which relief may be granted.[2]

Finally, Plaintiffs allege discrimination under the Alabama Constitution and/or under Alabama laws. Doc. 1 at 2. As no federal question is invoked,[3] Plaintiffs must establish diversity jurisdiction. Plaintiffs have not alleged that they are diverse, and presumably they are not, as Plaintiffs maintain an Alabama address and Defendant is an Alabama circuit court judge. Further, Plaintiffs have not alleged specific damages; instead they seek declaratory and injunctive relief. While Plaintiffs suggest that they "would have prevailed at a Jury Trial and will win the full payment of $850,000.00 award for damages and mental stress, Breach of Contract, Undue Harm, for the loss of private property, Pain and Suffering," Plaintiffs do not request this relief, and even if they did, their assertion of state-court victory and the damages flowing therewith is simply too speculative to satisfy the amount in controversy requirement. *See Vicksburg, S.&P. Ry. Co. v. Nattin*, 58 F.2d

---

[2] Plaintiffs cite to multiple cases for the proposition that Defendant should have appointed them counsel. However, only one case cited is remotely applicable to Plaintiffs' current claims, and that case is inapplicable here, as it involves the Sixth Amendment guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defence."

[3] The factual assertions of Plaintiffs do not suggest that they are challenging the constitutionality of a provision in the Alabama constitution. Instead, Plaintiffs assert that their rights were violated under said constitution.

979, 980 (5th Cir. 1932) ("Jurisdiction is based on actuality, not prophecy, the pressure of a grievance immediately felt and presently measurable in money of the jurisdictional amount.  Speculative anticipation that conditions, from which present ills, not now sufficient in amount to give jurisdiction, flow, may in time aggregate the necessary amount, will not support jurisdiction.").

In addition to the specific reasons cited above, Plaintiffs generally fail to state a claim against Defendant because their allegations against him constitute nothing more than the sort of vague, conclusory, and unsupported allegations rejected by the Supreme Court in *Twombly* and *Iqbal*.  In essence, Plaintiffs allege nothing more than generalized grievances about the way that Defendant handled their state-court case.  *See* Doc. 1.  From those grievances, Plaintiffs claim that Defendant somehow deprived them of their First, Seventh, and Fourteenth Amendment rights, but do not allege *how* any of Defendant's alleged actions could have had the effect of depriving them of the various rights to which they allude.[4]  Certainly, it does not follow that, because Defendant ruled against Plaintiffs, he somehow deprived them of their First Amendment rights or otherwise violated their due process rights.  Nor does it follow that because Plaintiffs' state-court case was dismissed at the summary judgment stage that they were deprived of a jury trial under the Seventh Amendment.  Plaintiffs' claims are thus comprised wholly of the sort of "labels and conclusions" which are insufficient to state a plausible claim for relief against Defendant

---

[4] As previously noted, Plaintiffs repeatedly assert that the state-court lost subject matter jurisdiction after the actions or inactions of Defendant and other players in Plaintiffs' state-court case.

and, accordingly, Plaintiffs have failed to state any claim against Defendant for which relief could be granted.

For all of the reasons stated above, the undersigned concludes that this court lacks subject matter jurisdiction over the complaint in this case and that, alternatively, Plaintiffs have failed to state any claim upon which relief could be granted as to Defendant. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiffs' complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[5] Further, it is the RECOMMENDATION of the Magistrate Judge that Plaintiffs' Motion for Default Judgment (Doc. 14) be DENIED as MOOT.[6] It is

---

[5] The undersigned is recommending dismissal of Plaintiffs' complaint without first asking Plaintiffs to amend their complaint. The undersigned believes requesting such amendment would be futile because, at its heart, the complaint concerns the Plaintiffs' rejection of a state court judgment against them and the court would lack subject matter jurisdiction over any claim seeking to repudiate that judgment in federal court. Accordingly, leave to amend Plaintiffs' complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiffs will be permitted to file objections to the findings set forth in this Recommendation, and thus they are afforded the requisite opportunity to be heard about the deficiencies of their complaint prior to any dismissal of the complaint.

[6] On May 9, 2016, the undersigned entered an Order (Doc. 13) granting Plaintiffs' motions for leave to proceed in forma pauperis, and ordering service of process stayed pending the court's review of the complaint pursuant to 28 U.S.C. § 1915(e). On May 18, 2016, Plaintiffs filed a Motion for Default Judgment, claiming that "a COMPLAINT was filed, with a Summons, and served upon Defendant Jeffery Kelly through the Federal Clerks office" and that "[a] request for Waiver of Service under Rule 4, served with the Complaint, giving Defendant Jeffery Kelly the required 30 day notice for an answer, did not timely return requested wavier of service." Doc. 14 at 1. Therefore, Plaintiffs requested this court grant them a declaratory judgment to set aside and vacate the state-court's summary judgment against them. Doc. 14 at 2. Because service of process was stayed pending the § 1915 review, the clerk's office did not serve Defendant. As such, default judgment is inappropriate.

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation **on or before June 15, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 1st day of June, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE